Kimberly S. Hutchison (SBN 288682)
SINGLETON SCHREIBER
591 Camino de la Reina, Suite 1025
San Diego, CA 92108
Telephone: (619) 771-3473
Fax: (619) 255-1515
khutchison@singletonschreiber.com

Nandan M. Joshi (*pro hac vice* application forthcoming)
Allison M. Zieve (*pro hac vice* application forthcoming)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
Telephone: (202) 588-1000
njoshi@citizen.org
azieve@citizen.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON M. GILL,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; TODD BLANCHE, *in his official capacity as Acting Attorney General*; ANTI-WEAPONIZATION FUND; and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No:  **'26CV3283 CAB DDL**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**Administrative Procedure Act, 5 U.S.C. § 706** |

1.     Plaintiff Allison M. Gill brings this action against Defendants United States Department of Justice (DOJ), Acting Attorney General Todd Blanche, the Anti-Weaponization Fund, and the United States of America seeking a judgment setting aside Defendants' establishment of a $1.776 billion program referred to as the "Anti-Weaponization Fund" (the Fund), with the power to issue apologies and pay compensation to claimants who present claims of "Lawfare" and "Weaponization," and an injunction to prevent Defendants from reestablishing the Fund without complying with the requirements of the Administrative Procedure Act (APA).

2.     Defendants have stated that they established the Fund to implement the terms of an agreement that DOJ entered into to settle a federal lawsuit brought by President Donald J. Trump, two of his children, and the Trump Organization, LLC, against the Department of the Treasury and the Internal Revenue Service, as well as to settle two administrative claims made by President Trump under the Federal Tort Claims Act (the Trump Settlement). The Trump Settlement is not incorporated into a consent decree, judgment, or other court order, and is therefore contractual in nature.

3.     Defendants' implementation of the Trump Settlement's terms requires the issuance of rules for the Fund's creation and operation. Defendants have begun to issue such rules, including establishing a $1.776 billion fund to pay approved claims, creating a five-member commission to adjudicate claims, and setting a December 2028 sunset date for the Fund's operations. In doing so, however, Defendants have failed to meet the APA's requirement that a federal agency may promulgate legislative rules only after publishing notice of the proposed rule in the Federal Register and providing interested parties an opportunity to comment. A settlement agreement cannot modify the APA's procedural requirements or authorize federal agencies to deprive third parties of their statutory rights.

4.     Plaintiff has been the subject of actions taken by the federal government that could constitute "Lawfare" or "Weaponization" and may be entitled to compensation and an apology from the Fund. Plaintiff thus has an interest in the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Fund's establishment and operation, including an interest in ensuring that the Fund is legally sound, that Lawfare and Weaponization are appropriately defined to cover Plaintiff's claims, and that the procedures and standards through which claims are considered are fair and equitable. By failing to engage in the notice-and-comment rulemaking process, Defendants have deprived Plaintiff of her ability to protect her financial and due process interests through the submission of comments on a proposed rule.

5.    Plaintiff accordingly requests that this Court vacate Defendants' actions establishing the Fund and enjoin Defendants from implementing the provisions of the Trump Settlement relating to the Fund, or otherwise operating the Fund, until such time as Defendants comply with the APA's requirements. To the extent needed, Plaintiff also requests that the Court award temporary or preliminary relief to prevent the irreparable harm that would be caused by the processing of claims and depletion of the Fund's corpus while this litigation is pending.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff is, and at all times relevant to this Complaint was, an individual residing in the County of San Diego, State of California.

## PARTIES

7.    Plaintiff Allison M. Gill is a former employee of the Department of Veterans Affairs (VA). Between February 2009 and March 2020, she served as a Health System Specialist at the VA. Her responsibilities included liaising with the Department of Defense's TRICARE program. Ms. Gill is also one of the founders of the *Mueller, She Wrote* podcast and continues to operate several social media accounts using the handle *Mueller, She Wrote*. Due to her criticism of President Trump on her podcast, Ms. Gill believes that she was targeted by the government for improper and unlawful political, personal, and/or ideological reasons when she and her podcast

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

were investigated by the VA in August of 2019. Ms. Gill believes that she is eligible to file a claim for compensation with the Fund.

8.    Defendant DOJ is an agency of the United States headquartered in Washington, DC.

9.    Defendant Todd Blanche is the Acting Attorney General of the United States, whose principal office is located in Washington, DC. He is named a defendant in his official capacity.

10.    Defendant The Anti-Weaponization Fund is, on information and belief, an entity within the Department of Justice, consisting of five members appointed by the Attorney General.

11.    The United States is named as a defendant pursuant to 5 U.S.C. § 702.

**STATEMENT OF FACTS**

**The Florida Litigation and Settlement**

12.    On January 29, 2026, President Trump, Donald J. Trump, Jr., Eric Trump, and the Trump Organization, LLC, filed a complaint in federal district court in Florida against the Department of the Treasury and the Internal Revenue Service seeking over $10 billion in damages from the federal government related to the unauthorized disclosure of their tax returns by an IRS contractor between 2018 and 2020 (the Florida Lawsuit).

13.    President Trump also filed two administrative claims pursuant to the Federal Tort Claims Act seeking damages from the federal government for prior DOJ investigations of his conduct.

14.    On May 18, 2026, President Trump, Donald J. Trump, Jr., Eric Trump, and the Trump Organization, LLC, voluntarily dismissed the Florida Lawsuit with prejudice.

15.    That same day, DOJ announced that it had settled the Florida Lawsuit and the administrative claims brought by President Trump.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

16. On May 18, 2026, attorneys for President Trump and the other plaintiffs in the Florida Lawsuit, an Associate Attorney General of DOJ, and the Chief Executive Officer of the Internal Revenue Service executed a Settlement Agreement, captioned *Trump v. IRS*. *See* https://www.justice.gov/opa/media/1441201/dl.

17. The Settlement Agreement asserts that the federal government's conduct alleged in President Trump's judicial and administrative claims "is representative of the sustained use of the levers of government power by Democrat elected officials, political and career federal employees, contractors, and agents in order to target individuals, groups, and entities for improper and unlawful political, personal, and/or ideological reasons." The Settlement Agreement defines such conduct as "Lawfare" and "Weaponization."

18. Other "examples" of Lawfare and Weaponization identified in the Settlement Agreement "include the Biden Administration's abuse of the FACE Act, the Biden Administration's wrongful labeling of certain parents as domestic terrorists, and the IRS's targeting of groups based on improper ideological criteria."

19. The Settlement Agreement states that the Attorney General will "create 'The Anti-Weaponization Fund'" to "provide a systematic process to hear and redress claims of others who, like Plaintiffs, state that they incurred harm from similar Lawfare and Weaponization."

20. The Settlement Agreement states that the Fund will consist of five members, including a chair, appointed by the Attorney General and removable by the President, and that three members of the Fund will constitute a quorum.

21. The Settlement Agreement provides that the Fund "shall have the power to determine its own procedures for submitting, receiving, processing, and granting or denying claims." The Fund has discretion to decide whether to make its procedures public, in whole or in part.

22. The Settlement Agreement states that the Fund "shall have the power to issue formal apologies, issue monetary relief owed to claimants as a result of their

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

legal rights, grant claims in whole or in part, deny claims in whole or in part, defer review of claims, and receive and request evidence or other support for claims, including requesting information from, or consulting with, federal agencies."

23. The Settlement Agreement states that the Fund must provide the Attorney General with a quarterly report identifying the name and address of each claimant who has received relief and the nature of any relief. DOJ may audit claims submitted to the Fund.

24. The Settlement Agreement states that claimants may include individuals or entities. Claimants must assert that they were a victim of "Lawfare and/or Weaponization."

25. The Settlement Agreement states that a claimant accepting relief from the Fund must forgo all other relief.

26. The Settlement Agreement states that the Fund must "consider the totality of the circumstances" when evaluating claims, including the "strength of the claim and supporting evidence," the "claimant's actions," the "claimant's actual damages incurred as a result of the Lawfare and Weaponization," "[r]easonable attorneys' fees paid by the claimant as a result of the Lawfare and Weaponization," "[a]ny time the claimant spent in prison or otherwise in federal prison or custody as a result of the Lawfare and Weaponization," "[w]hether and to what extent the claimant has already obtained any form of relief for the Lawfare and Weaponization from any source," and "[o]ther factors The Anti-Weaponization Fund deems just and appropriate."

27. The Settlement Agreement states that the Fund must cease processing claims by December 1, 2028.

28. The Settlement Agreement states that the Attorney General will issue an "order" within 30 days to "establish funding and any other relevant requirements, rules, conditions, terms, and waivers."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Establishment of the Fund**

29.    On May 18, 2026, the Attorney General issued an "order establishing funding and any other relevant requirements for the Fund." *See* https://www.justice.gov/opa/media/1441086/dl (the Fund Establishment Order).

30.    On that same day, DOJ posted a website notice announcing that the Attorney General had "established 'The Anti-Weaponization Fund' to provide a systematic process to hear and redress claims of others who suffered weaponization and lawfare." *See* https://www.justice.gov/opa/pr/justice-department-announces-anti-weaponization-fund (DOJ Notice).

31.    The Fund Establishment Order states that "capitalized terms in this document," which include "Anti-Weaponization Fund," "shall have the same meaning as in the Settlement Agreement."

32.    The Fund Establishment Order provides that $1,776,000,000 will be paid "to an account for the sole use by" the Fund and that this amount represents "the projected valuation of future claimants' claims." The Fund Establishment Order authorizes use of the funds for "per diems, administrative services, funds, facilities, staff, travel, and other support services as may be necessary to carry out the mission of the Anti-Weaponization Fund."

33.    The DOJ Notice establishes that the "Fund will have the power to issue formal apologies and monetary relief owed to claimants."

34.    The DOJ Notice provides that "[t]he Fund will consist of a Commission of five members appointed by the Attorney General." Members of the Fund are subject to removal by the President.

35.    The DOJ Notice states that the Fund will receive $1.776 billion from the judgment fund and that the Fund shall send a report to the Attorney General each quarter outlining who has received relief and what forms of relief were awarded.

36.    The DOJ Notice states that the "Fund shall cease processing claims no later than December 1, 2028."

6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

37. The Fund Establishment Order and the DOJ Notice constitute a rule under the APA.

38. The Fund's operations and payments to claimants do not constitute an exercise of DOJ's authority to settle claims made against the United States or federal agencies, officers, and employees. For instance, on information and belief:

 a. Claims paid by the Fund will not be deemed to be made (1) pursuant to a "settlement" for purposes of 31 U.S.C. § 1304(a), which appropriates money for payment of certain judgments and settlements; or (2) pursuant to a "compromise settlement of claims" for purposes of 28 U.S.C. § 2414, which authorizes payment for certain settlements.

 b. The Fund will process claims and make payments without adhering to 28 C.F.R. Subpart Y, which sets forth the regulations that govern DOJ's "authority to compromise and close civil claims."

 c. Claims paid by the Fund will not be reported under 31 U.S.C. § 1304(d), which requires public reporting of information about claims paid by the federal government under § 1304.

 d. Claims paid by the Fund will not be reported to Congress under 28 U.S.C. § 530D(a)(1)(C), regardless of the amount at issue.

39. Defendants did not publish a notice of proposed rulemaking in the Federal Register before issuing the Fund Establishment Order or the DOJ Notice. Defendants did not provide interested persons with an opportunity to participate in such a rulemaking.

**Interests of Plaintiff**

40. Plaintiff believes that she has incurred harm from "Lawfare" and "Weaponization," as those terms are defined in the Settlement Agreement and for purposes of the Fund. Plaintiff therefore has an interest in participating in a rulemaking to implement the terms of the Trump Settlement that relate to the Fund, including through the submission of written comments.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

41.    Defendants' failure to undertake notice-and-comment rulemaking prior to issuing the Fund Establishment Order and the DOJ Notice has deprived Plaintiff of the opportunity to provide comments to protect her financial and due process interests in the Fund's evaluation of her claim.

42.    Although the Settlement Agreement defines "Lawfare" and "Weaponization" in terms of actions taken by the Biden administration, the DOJ Notice states that "[t]he machinery of government should never be weaponized against any American," suggesting that victims of Trump administration actions would be eligible for compensation. Plaintiff has an interest in receiving notice and an opportunity to comment on Defendants' proposed definitions of "Lawfare," "Weaponization," and any other standards or definitions that will determine eligibility to file claims with or receive payment from the Fund. For instance, to the extent that the Settlement Agreement limits compensation to victims of actions taken by the Biden administration, Plaintiff has an interest in submitting rulemaking comments to explain why the Settlement Agreement cannot lawfully restrict the Fund's discretion in such a manner and why claims based on actions taken by other administrations should be eligible for compensation.

43.    Similarly, Plaintiff has an interest in ensuring that constitutionally ineligible claimants do not receive payment from the Fund, thereby reducing the amount of funding available to pay the claims of eligible claimants. Section 4 of the Fourteenth Amendment to the U.S. Constitution provides that the United States shall not "assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States." Acting Attorney General Blanche has testified before Congress that individuals convicted of crimes relating to the January 6, 2021, attack on Congress that delayed the certification of President Biden as the winner of the 2020 presidential election may apply to receive compensation from the Fund. *See* Ryan J. Reilly, *DOJ official told GOP ally that big payouts were coming for Jan. 6 defendants*, NBC News (May 19, 2026), https://www.nbcnews.com/politics/justice-

8

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

department/doj-official-told-gop-ally-big-payouts-coming-jan-6-defendants-rcna343847. By failing to engage in the notice-and-comment process, Defendants have deprived Plaintiff of her ability to comment on Defendants' position on this constitutional question.

44. Defendants have also failed to provide adequate notice of how they arrived at their decision to cap the total payout of the Fund at $1.776 billion. That figure is not dictated by the Settlement Agreement. The Fund Establishment Order states that the cap is "based on the projected valuation of future claimants' claims." Defendants, however, have not disclosed the evidentiary basis for that determination. By failing to engage in the notice-and-comment process, Defendants have deprived Plaintiff of her ability to provide comments on an appropriate cap on the Fund's payout of claims.

45. Potential claimants, including Plaintiff, have an interest in ensuring that the Fund does not suffer from legal infirmities that would provide a basis for the government to later seek recoupment of claims paid. If Defendants had issued a notice setting forth legal justification for the Fund's operations, Plaintiff would have been able to provide comments on that matter. For instance, the five members of the Fund to be appointed by the Attorney General are charged with deciding which claimants are entitled to apologies and monetary payments, which may make them "Officers of the United States" under Article II, section 2, clause 2 of the U.S. Constitution. These members, however, are not occupying offices "established by Law," as required by the clause. Moreover, to the extent the members are "inferior Officers" under that clause, Congress has not enacted a law vesting the Attorney General with appointment authority, which means the Constitution requires that they be confirmed by the Senate. The notice-and-comment process would have provided Plaintiff an opportunity to address this issue and ensure that any compensation paid is not subject to a cloud of legal uncertainty.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

46. The foregoing are just a few examples of the legal and policy issues related to the establishment of the Fund. The notice-and-comment process required by the APA would have helped resolve such matters. By sidestepping that process and issuing final rules to establish the Fund, Defendants have deprived Plaintiff of her right to submit comments to protect her interests.

## CLAIM FOR RELIEF

**(APA – Agency Action Without Observance of Procedure Required by Law)**

47. The APA empowers this Court to hold unlawful and set aside agency actions taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

48. The Fund Establishment Order and the DOJ Notice constitute a rule that was subject to the notice-and-comment rulemaking requirements of the APA, 5 U.S.C. § 553.

49. By issuing the Fund Establishment Order and the DOJ Notice without engaging in notice-and-comment rulemaking, Defendants failed to observe the procedures required by the APA.

50. Defendants thus deprived Plaintiff and other interested members of the public of a meaningful opportunity to comment on the rules that govern the Fund's operation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendants' decision to issue the Fund Establishment Order and the DOJ Notice violated the APA because it was taken without observance of procedure required by law;

B. Grant such temporary or preliminary relief as may be required to prevent the processing of claims and depletion of the Fund's corpus;

C. Vacate Defendants' actions establishing the Fund;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

D.      Enjoin Defendants from taking action to establish or implement the provisions of the Trump Settlement requiring the establishment of the Fund, or otherwise establishing or operating the Fund, without complying with the procedural requirements of the APA;

E.      Award Plaintiff her costs and expenses, including reasonable attorneys' fees; and

F.      Grant such other relief as this Court may deem just and proper.

Dated: May 28, 2026                    Respectfully submitted,
                                       SINGLETON SCHREIBER


                                       */s/ Kimberly S. Hutchison*
                                       KIMBERLY S. HUTCHISON

                                       *Counsel for Plaintiff Allison M. Gill*
                                       Email:
                                       khutchison@singletonschreiber.com

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF