Stanley E. Woodward, Jr.
ASSOCIATE ATTORNEY GENERAL

Andrew J. Block
Senior Counsel, Office of the Associate Attorney General
UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Tel: (202) 514-0136
andrew.block@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALLISON M. GILL,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

Defendants.

Case No.: 3:26-cv-3283-CAB-DDL

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "REQUEST FOR JUDICIAL NOTICE"**

On September 14, 2026, Plaintiff docketed a document titled "Request for Judicial Notice." In it, Plaintiff purports to "request[ ] that the Court take judicial notice of" an appeal from a case in a different District subject to the precedent of a different Federal Circuit. In this filing, Plaintiff argues that because, "[t]he sanctions order imposed no other restrictions on the federal agency defendants[,]" "[t]he government's notice of appeal supports Plaintiff's argument that this case is not moot because Defendants have not repudiated the settlement agreement and consider it an enforceable document." Filing at 1. This is categorically false.

The Judge's Order in the Florida matter did not purport to invalidate any part of the Settlement Agreement. *See Trump v. IRS*, 2026 WL 2015525, at *21 n.63 (S.D. Fla. July 13, 2026) ("[W]hether a private agreement between the Parties . . . is valid and enforceable or is a depredation of the Judgment Fund and an illegal conferral of immunity *is not before this Court*." (emphasis added)). So appealing it has no bearing on the Settlement Agreement or the defunct Fund.

Gill's counsel conveniently omits the fact that the judge in Florida purported to sanction the Attorney General and Associate Attorney General by sending her decision to their respective state bar disciplinary authorities. The judge also purported to restrict the government from referring to the settlement in other litigation. These aspects of the Florida decision are also appealable. And the court's legally incorrect statements about the Department's settlement authority as a general matter provide additional reasons for an appeal beyond the particular settlement at issue. Plaintiff's failure to address any of this shows a lack of candor to this Court.

Dated: September 16, 2026

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

*/s/ ANDREW J. BLOCK*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*



DRAFT

United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

DRAFT