UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALLISON M. GILL,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE; TODD BLANCHE, in his official capacity as Attorney General; ANTI-WEAPONIZATION FUND; and UNITED STATES OF AMERICA,

Defendants.

Case No.: 3:26-cv-3283-CAB-DDL

**ORDER:**

**(1) GRANTING DEFENDANTS' MOTION TO DISMISS, [Doc. No. 13]; and**

**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT, [Doc. No. 14].**

Before the Court is the motion to dismiss filed on July 21, 2026 by Defendants United States Department of Justice, Todd Blanche ("Attorney General"), the Anti-Weaponization Fund (the "Fund"), and United States of America (together, the "Government"). [Doc. No. 13.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motion.

///

///

///

# I. BACKGROUND

## A. Facts

Plaintiff was formerly employed by the Department of Veterans Affairs ("VA") and served as a Health System Specialist between February 2009 and March 2020. [Doc. No. 1 ("Compl." or "Complaint") at ¶ 7.] In 2017, Plaintiff began broadcasting a political podcast, *Mueller, She Wrote* (the "Podcast"), in which she expressed her views on news and politics. [Doc. No. 14-1 at ¶¶ 2, 4.] Plaintiff is presently the Chief Executive Officer of MSW Media, Inc., continues to host the Podcast, and provides support to various other podcasts involving politics, news, and the arts. [*Id.* at ¶ 2.]

On January 29, 2026, President Donald J. Trump, Donald J. Trump, Jr., Eric Trump, and the Trump Organization, LLC, filed suit in the U.S. District Court for the Southern District of Florida against the Department of the Treasury and the Internal Revenue Service alleging the unauthorized disclosure of their tax returns ahead of the 2020 presidential election. [Compl. at ¶ 12.] On May 18, 2026, the matter was voluntarily dismissed with prejudice, and those parties entered into a settlement agreement (the "Settlement Agreement"). [*Id.* at ¶¶ 14, 16.] The Settlement Agreement explicitly provided for the creation and implementation of the Fund to compensate victims of government "lawfare" and "weaponization." [Doc. No. 13 at 12–13.] Also on May 18, 2026, the Attorney General issued an order ("May 18 Order") to initiate a $1,776,000,000 transfer from the United States Treasury for the Fund's exclusive use. [*Id.* at 14.] Further, the Department of Justice issued a press release outlining the establishment and the terms of the Fund as provided by the Settlement Agreement. [*See* Compl. at ¶ 30.] The May 18 Order from the Attorney General and the DOJ press release are collectively referred to by Plaintiff as the "Fund Rules." [Doc. No. 15 at 12–13.]

On June 2, 2026, the Attorney General represented to the House Appropriations Committee that the Fund is "not going forward, period." [Doc. No. 13 at 9.] The Attorney General reaffirmed this sentiment under oath at his Senate Confirmation Hearing on July 15, 2026, stating that the Fund "is dead[.]" [*Id.*] He further testified that "[t]he settlement

Fund is just not moving forward[,]" "[i]t never started[,]" "[n]o money went from the Treasury to any other account[,]" and "[i]t's not moving forward." [*Id.* at 10.] Then, on August 2, 2026, the Attorney General issued a second order in which he rescinded the May 18 Order and reiterated that no members had ever been appointed to the Fund, no funds were transferred, no process was established, and no claims were paid. [Doc. No. 14-8; *see* Doc. No. 16 at 3.]

**B. Plaintiff's Allegations**

On May 28, 2026, Plaintiff filed this action against the Government, alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(D) and 553. Plaintiff alleges that the Government's establishment of the Anti-Weaponization Fund violated the APA by depriving Plaintiff of notice and an opportunity to comment prior to the implementation of legislative rules. [*See* Compl. at ¶ 4.] Plaintiff alleges that in 2019, she became subject to targeted investigation by the VA for "unlawful political, personal, and/or ideological reasons" related to her expression of political views on the Podcast. [*Id.* at ¶ 7.] Plaintiff asserts that she was a victim of government "lawfare" and possibly entitled to compensation from the Fund. [*Id.* at ¶ 4.] Plaintiff further alleges that the Government's failure to engage in notice and comment procedures deprived Plaintiff of the ability to protect her "financial and due process interests" in the Fund. [*Id.* at ¶¶ 7, 41.]

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on a court's lack of subject matter jurisdiction. A plaintiff has the burden of establishing that the court has subject matter jurisdiction over an action. *Ass'n of Am. Med. Coll. v. U.S.*, 217 F.3d 770, 778–79 (9th Cir. 2000).

A party must establish an Article III case or controversy before the Court exerts subject matter jurisdiction. U.S. Const. art. III, § 2, cl. 1; *see Matter of E. Coast Foods, Inc.*, 80 F.4th 901, 905 (9th Cir. 2023). The meaning of Article III's "case or controversy" requirement has been developed through a series of justiciability doctrines, including mootness, ripeness, and standing, through which a court may determine whether a matter

is a live controversy suitable for adjudication. *See Poe v. Ullman*, 367 U.S. 497, 503–04 (1961); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

## III. DISCUSSION

The Government moves to dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction, arguing that changed circumstances over the course of litigation have mooted the case. [Doc. No. 13.] "Standing, ripeness and mootness all pertain to a federal court's subject matter jurisdiction under Article III, and are appropriately raised in a motion under Rule 12(b)(1)." *Loc. Search Ass'n v. City & Cnty. of San Francisco*, No. C 11-2776 SBA, 2013 WL 450845, at *2 (N.D. Cal. Feb. 4, 2013).

Generally, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (internal quotation marks omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (citing *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)). Further, courts consistently recognize that "[c]hanging circumstances can moot a previously valid claim." *Mejia-Mejia v. U.S. Immigr. & Customs Enf't*, No. CV 18-1445 (PLF), 2019 WL 4707150, at *6 (D.D.C. Sept. 26, 2019); *see In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005) (a case may become moot while pending before a district court).

There may be an exception to mootness where a defendant's voluntary cessation of a challenged activity becomes the basis for mootness. *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009). Under such circumstances, a heavy burden shifts to the defendant to demonstrate that the "allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted); *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72 (1983) (reasoning that absent such an exception, defendants would "be free to 'return to [their] old ways' after the threat of a lawsuit had passed." (citation omitted) (alteration in original)).

The Government argues that Plaintiff's claim has been mooted by the Fund developments that occurred after Plaintiff filed her Complaint on May 28, 2026. [*See* Doc. No. 13 at 20–21.] Indeed, the Attorney General has since rescinded the May 18 Order establishing the Fund and twice represented to Congress that the Fund would not proceed. [*See id.* at 2; Doc. No. 14-8.] Under oath at his Senate Confirmation Hearing, the Attorney General again testified that "[t]he weaponization fund is dead, it's not moving forward." [Doc. No. 16 at 4.] Further, on May 28, 2026, the U.S. District Court for the Eastern District of Virginia issued a preliminary injunction against the Department of Justice, Todd Blanche, Stanley Woodward, Department of the Treasury, Scott Bessent, and the Anti-Weaponization Fund, enjoining any Fund action until further order of that court. *Floyd v. Dep't of Just.*, No. 1:26-CV-1399 (LMB/IDD), 2026 WL 1504001, Doc. No. 85 (E.D. Va. May 29, 2026). As of the date of this Order, the *Floyd* injunction remains in place, enjoining the Government from taking Fund action, including any creation or operation of the Fund. *See id*.

The Court finds that the Government has satisfied its burden of demonstrating the "allegedly wrongful behavior could not reasonably be expected to recur" and thus the voluntary cessation exception does not apply. *See Friends of the Earth*, 528 U.S. at 190. Instead, the matter is "moot because no effective relief remains available to Plaintiff[]." *See Doe No. 1*, 697 F.3d at 1238. The Fund is presently enjoined from further action, and the Attorney General has testified under oath that the Fund has not been created and will not move forward. There is no additional relief that this Court could grant, even for Plaintiff's alleged procedural injury. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, No. CV 26-1789 (RJL), 2026 WL 1802997, at *5 n.3 (D.D.C. June 23, 2026) (holding similar claims moot and unripe, reasoning that "[w]ithout a live, imminent action to which such procedures would attach, the asserted procedural injury is, at this point, hypothetical."). Accordingly, the Court finds no live case or controversy sufficient to confer Article III jurisdiction.

Because Plaintiff has not sufficiently demonstrated an Article III case or controversy, the Court **GRANTS** the Government's motion to dismiss based on lack of subject matter jurisdiction. As this case is resolved by the doctrine of mootness, the Court need not reach the issues of ripeness or standing.

## IV. CONCLUSION

For the reasons set forth above, the Government's motion to dismiss is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. Because the Court has granted the Government's motion to dismiss, Plaintiff's motion for summary judgment is **DENIED AS MOOT**.

It is **SO ORDERED**.

Dated: November 6, 2026

Hon. Cathy Ann Bencivengo
United States District Judge